UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY R. TIMMONS, | No. C-14-1116 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT; AND DESIGNATING MOTION FOR RELIEF AS A NOTICE OF APPEAL** |
| EUGENE LAND, | |
| Defendant. | |
| _____/ | **(Docket No. 12)** |

Previously, the Court granted Plaintiff Danny R. Timmons's application to proceed in forma pauperis but dismissed his complaint with prejudice. *See* Docket No. 10 (order). A final judgment was entered on April 30, 2014. *See* Docket No. 11 (judgment). Mr. Timmons has now filed a brief titled "Appeal Dismissal Judgment." The Court liberally construes this filing as both a motion for relief from judgment, *see* Fed. R. Civ. P. 60(b), as well as a notice of appeal.

Mr. Timmons's motion appears to be predicated on the discovery of new evidence. *See* Mot. at 4 (asking "the court to reverse the dismissal . . . based on new evidence"). The problem for Mr. Timmons is that the Court did not dismiss his complaint based on any evidentiary finding. Rather, the Court determined that, based on the allegations in the complaint, the complaint was barred by the *Rooker-Feldman* doctrine and/or *Younger* abstention. Furthermore, the evidence submitted by Mr. Timmons has no bearing on either of these legal issues, directed instead to the underlying merits of his case (*i.e.*, regarding service of process in the state court proceeding). *See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987) (explaining that under Rule 60(b)(2), the purportedly newly-discovered evidence must not have been previously discoverable

through the exercise of due diligence and must be such that it likely would have changed the outcome of the case).

Accordingly, Mr. Timmons's motion for relief is hereby **DENIED**. The Court, however, directs the Clerk of the Court to deem Mr. Timmons's filing as a notice of appeal. In so directing, the Court does not make any ruling or express any opinion that the notice of appeal was timely filed. *See* Fed. R. App. P. 4(a)(1) (providing that, "[i]n a civil case, . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from").

This order disposes of Docket No. 12.

IT IS SO ORDERED.

Dated: June 16, 2014

_____
EDWARD M. CHEN
United States District Judge

2